IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA PEREZ o/b/o A.V. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5419 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                December 22, 2008

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 14), defendant's response and the reply thereto (Doc. No. 15 & 17), the court makes the following findings and conclusions:

      1.    On December 15, 2005, Pamela Perez, on behalf of A.V. ("plaintiff" or "A.V.") protectively filed for child supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of October 1, 2004.[1] (Tr. 45-51). Throughout the administrative process, including an administrative hearing held on February 2, 2007 before an ALJ, plaintiff's claims were denied. (Tr. 4-6; 13-26; 36-39; 237-58). Pursuant to 42 U.S.C. § 405(g), plaintiff filed her complaint in this court on January 3, 2008.

      2.    In his May 31, 2007 decision, the ALJ concluded, *inter alia*, that A.V. had severe impairments consisting of attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD") but that her impairments did not meet, medically equal or functionally equal an impairment. (Tr. 19 Finding 3; 20 Findings 4 & 5). Specifically, the ALJ found that A.V. had less than marked limitations in each of the six domains of functioning except "Interacting and Relating with Others" in which he found a marked limitation. (Tr. 21 ¶ 7 - 25 ¶ 4).[2] Therefore, the ALJ concluded that A.V. was not disabled. (Tr. 16 ¶ 4; 25 Finding 6).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v.

---

[1] A.V. was five years old at the date of filing and six years old when the ALJ issued his decision. (Tr. 19 Finding 1; 45).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Plaintiff contends that the ALJ erred by failing to find marked limitations in the domains of "Acquiring and Using Information" and "Attending and Completing Tasks." Plaintiff's arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and readily supported by substantial evidence.

        A.     I find that the ALJ's conclusion that A.V. had a less than marked limitation in the domain of "Acquiring and Using Information" is supported by substantial evidence. After discussing the relevant records and doctors' reports and notes, the ALJ concluded that although A.V. had delayed speech and language development, she had adequate preschool level skills, had not undergone speech therapy, her speech was understandable, and she was in regular education classes with good grades. (Tr. 19 ¶ 3 - 20 ¶ 6; 22 ¶ 2).

Although the record demonstrates that A.V. had problems at school and at home, there is ample evidence to support the ALJ's conclusion. For example, the assessment completed by A.V.'s kindergarten teacher shows only a few slight limitations in this domain and the state agency consultant, Sidney Segal, Ed.D., found in his March 31, 2006 childhood disability evaluation a less than marked limitation in this domain. (Tr. 75; 143). A.V.'s first grade teacher, Annette Angelo reported on a January 19, 2007 questionnaire that although she had trouble remembering and was easily distracted, A.V. was in regular classes, received no special services, and could complete assignments (sometimes utilizing help from her classmates).[3] (Tr. 87-88). Ms. Angelo also reported that A.V. was well behaved, acted appropriately with her friends and respectful with adults, was very polite, and listened to and followed oral directions well. (Id.). Both Dr. Segal and Debra Taras, Psy.D., who evaluated A.V. on March 20, 2006, found that A.V. had adequate preschool skills. (Tr. 132; 143). In her evaluation, Dr. Taras also concluded that A.V. had no serious communication difficulties and could follow directions. (Tr. 132). A.V.'s Pan American therapy notes indicate that she was less overactive and not aggressive, was able to follow instructions, and had no current problems at school far more often than the notes indicate to the contrary (by approximately four to one). (Tr. 158-223). Finally, Nathaniel Abramson, D.O. who examined A.V. on March, 22, 2006 noted no signs of the violent outbursts reported by her mother. (Tr. 134). In fact, the record reveals that although A.V.'s mother reported significant problems with hyperactivity, A.V. was typically

---

[3] Plaintiff contends that Ms. Angelo's questionnaire supports her argument and, thus, the ALJ erred by failing to explicitly explain the weight given to the statement. (Tr. 87-89). A fair reading of the questionnaire, while highlighting some problems, in fact supports the ALJ's conclusion. Similarly, contrary to plaintiff's argument, the ALJ adequately complied with S.S.R. 06-03p, concerning the evaluation of sources of evidence.

calm, quiet, and/or cooperative during therapy sessions and visits to physicians.  (Tr. 107-111; 124; 158-223; 224-27; 230).  The above demonstrates that the ALJ's conclusion to find a less than marked limitation in this domain was well supported by substantial evidence.

                B.       Likewise, I find that the ALJ's conclusion that A.V. had a less than marked limitation in the domain of "Attending and Completing Tasks" is supported by substantial evidence.  Having discussed the evidence previously, the ALJ concluded that although A.V. was reported as being uncooperative and refusing to finish her schoolwork, she did well in school, had not required any special services and had responded well to treatment.  (Tr. 23 ¶ 1).  Again I find that the record supports the conclusion of the ALJ.  In addition to the evidence discussed above, A.V.'s kindergarten teacher noted almost no problems in this domain (with the exception of an "obvious problem" in "completing work accurately without careless mistakes").  (Tr. 76).  Dr. Taras opined that while A.V. was described as frequently off task, she did not present any obvious deficits in attention or concentration during the evaluation. (Tr. 132).  Dr. Segal also opined that A.V. had a less than marked limitation in this domain.  (Tr. 143).  This evidence along with the evidence discussed above, establishes that the ALJ's decision to find that A.V. had a less than marked limitation in this domain was supported by substantial evidence.

        5.       Upon due consideration of all of the arguments and evidence, I find that the ALJ's conclusions that A.V. had less than marked limitations in the domains of "Acquiring and Using Information" and "Attending and Completing Tasks" are supported by substantial evidence and legally sufficient.  As a result, plaintiff's request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA PEREZ o/b/o A.M.V. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-5419 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 22nd day of October, 2008, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 14), defendant's response and the reply thereto (Doc. No. 15 & 17), and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. Plaintiff's uncontested motion for an extension of time to file her reply brief (Doc. No. 16) is **DENIED as moot**;

2. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

3. The Clerk of Court is hereby directed to mark this case closed.

    __S/ Lowell A. Reed, Jr._____
    LOWELL A. REED, JR., Sr. J.